We think that this application for a certiorari must be refused upon the principles heretofore established by the Court. In Davis v. Marshall andRussell, 2 Hawks, 59, and the State v. Williams, *Page 359 
2 Hawks, 100, it was ruled that where the appellant trusts to the clerk to send up the transcript and the clerk neglects to do it, the appellant must abide the consequences of the carelessness or forgetfulness of his agent. The principle must apply with equal force where the clerk ineffectually attempts to send it up, as where he wholly forbears from doing so, unless the attempt be such as, if made by the party himself, would have been deemed a substantial compliance with what the law requires of him. If the transcript had been mailed in due time to reach this Court, this, it is probable, would have been so considered. Erwin v. Erwin, 3 Dev., 528. But the placing of it in the hands of a gentleman who is under no special obligations to attend to its filing, whose own engagements may render him inattentive to or forgetful of the commission with which he is troubled is not such a compliance. The appellant or the appellant's agent, trusting to the performance of such an act of friendship, must run the risk of its non-performance.
PER CURIAM. Certiorari refused.
(457)